Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-12-00274-CR

Reynaldo Solis **GONZALEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR3653
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
             Steven C. Hilbig, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  August 29, 2012

DISMISSED

Reynaldo Gonzalez entered into a plea bargain with the State, pursuant to which he pleaded nolo contendere to the offense of knowing possession with the intent to deliver heroin, which by aggregate weight, including any adulterants and dilutants, was of an amount of four grams or more, but less than two hundred grams. As part of his plea bargain, Reynaldo Gonzalez signed a separate "Waiver of Appeal." The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO

right of appeal" and "the defendant has waived the right of appeal." *See* Tex. R. App. P. 25.2(a)(2). Gonzalez timely filed a notice of appeal. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* Tex. R. App. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and does not indicate the trial court gave Gonzalez permission to appeal. *See* Tex. R. App. P. 25.2(a)(2). We have reviewed the clerk's record, and the trial court's certification appears to accurately state that this is a plea bargain case and Gonzalez does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." Tex. R. App. P. 25.2(d).

On May 22, 2012, we gave Gonzalez notice that the appeal would be dismissed unless written consent to appeal and an amended certification showing he has the right to appeal were signed by the trial judge and made part of the appellate record by June 21, 2012. *See* Tex. R. App. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Neither written permission to appeal nor an amended certification showing Gonzalez has the right to appeal has been filed. We therefore dismiss this appeal.

PER CURIAM

DO NOT PUBLISH